IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD PERRY, ) | |
|    Plaintiff, ) | Case No. 7:23-cv-00241 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| INVESTIGATOR TODD HAYES, ) | Chief United States District Judge |
|    Defendant. ) | |

### MEMORANDUM OPINION

Ronald Perry, an inmate proceeding pro se, commenced this action by filing a form complaint under 42 U.S.C. § 1983 against Todd Hayes, an investigator with the Pulaski County Sheriff's Office. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that the federal claims are subject to dismissal for failure to state a claim upon which relief may be granted, and the court declines to exercise supplemental jurisdiction over any claims asserted under state law.

### I.  Background

Perry is currently incarcerated at the New River Valley Regional Jail. He alleges that Hayes made false statements in a police report that identified him as a snitch. Compl., ECF No. 1, at 4. Perry alleges that he is being held in protective custody as a result of the police report and that he cannot be placed in general population at the jail. Id. Perry states that he is seeking to recover damages for "slander" under the "Federal Tort Claim[s] Act." Id. at 3.

### II.  Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28

U.S.C. § 1915A. The court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se plaintiff must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III.   Discussion

#### A.   Claims under Federal Law

Upon review of the complaint, the court concludes that Perry has failed to a state a cognizable federal claim against Hayes. First, Perry has no viable claim under the Federal Tort Claims Act ("FTCA"). "The FTCA provides authorization in certain circumstances for suits by citizens against the Federal Government for torts committed by [Federal] Government agents." Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 430 (1990). "State actors cannot

2

be sued under . . . the FTCA." Abuhouran v. Soc. Sec. Admin., 291 F. App'x 469, 473 (3d Cir. 2008).

Second, "violations of state law, including defamation, are insufficient to state a claim under § 1983." Kulwicki v. Dawson, 969 F.2d 1454, 1468 (3d 1992). Likewise, "the mere existence of an allegedly incorrect police report" does not provide the basis for a § 1983 action. Jarrett v. Twp. of Bensalem, 312 F. App'x 505, 507 (3d Cir. 2009); see also Zahrey v. Coffey, 221 F.3d 342, 348 (2d Cir. 2000) ("The manufacture of false evidence, 'in and of itself,' . . . does not impair anyone's liberty, and therefore does not impair anyone's constitutional right."). Instead, "there must be some constitutional deprivation that flows from the report." Bronner v. S.F. Superior Ct., No. 3:09-cv-5001, 2010 WL 2650500, at *5 (N.D. Cal. July 1, 2010) (citing Landrigan v. City of Warwick, 628 F.2d 736, 744–45 (1st Cir. 1980)). Because Perry has not plausibly alleged that he suffered any constitutional injury as a result of the false information contained in the police report, his complaint fails to state a claim under § 1983. See, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Prisoners have no right under the Constitution to be held in either protective or minimum custody.").

### B. Claims under State Law

In light of the court's disposition of the federal claims asserted in the complaint, the court declines to exercise supplemental jurisdiction over any claims for slander or libel under state law and will dismiss such claims without prejudice. See 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction").

## IV. Conclusion

For the foregoing reasons, the court concludes that Perry's complaint fails to state a cognizable claim under federal law. The federal claims are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1), and any claims under state law are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). An appropriate order will be entered.

Entered: June 22, 2023

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2023.06.22 15:49:49 -04'00'

Michael F. Urbanski
Chief United States District Judge